IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 05-0125-01ML |
| | ) | |
| MODESTO DE JESUS CASTILLO | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION PURSUANT TO 28 U.S.C. §2255 TO VACATE**

## I. TRAVEL OF CASE

On November 2, 2005, the Defendant was indicted for Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of Cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); all in violation of 21 U.S.C. § 846 (Count One) and Conspiracy to Distribute and to Possess with Intent to Distribute a mixture and substance containing a detectable amount of Marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D); all in violation of 21 U.S.C. §§ 846 (Count Two). On February 14, 2006, the Defendant pled guilty to both Counts of the Indictment. On August 2, 2006, a Sentencing Hearing was held before this Court. The government presented unrebutted testimonial evidence through the case agent. After argument by both the government and the Defendant, the Court overruled the Defendant's objections to the Pre Sentence Report ("PSR"). The Defendant exercised his right of allocution. The Court imposed a sentence of 135 months imprisonment as to Count 1, and 60 months imprisonment as to Count 2 (concurrent terms), followed by 5 years supervised release as to Count 1, and 3 years supervised release as to Count 2 (concurrent terms), with a special condition (the deportation clause). The Defendant

was advised of his right of appeal. On August 8, 2006, the Defendant filed an appeal to the First Circuit Court of Appeals. On September 12, 2007, the First Circuit Court of Appeals affirmed the District Court Judge's sentence.

## II. ARGUMENT

The Defendant's August 28, 2008 motion under 28 U.S.C. §2255 consists of a pre printed form for 28 U.S.C. 2255 motions, with the Defendant's claims printed in various places. The Defendant asserts four grounds for his motion. None of the Defendant's four claims state any legitimate basis to support his claims for relief.

### A. THE LAW GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-85 (1979), the Supreme Court stated:

> It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment . . . [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack

> has remained far more limited . . . The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'. . . Similar limitations apply with respect to claimed errors of fact.

See also, Davis v. United States, 417 U.S. 333, 346 (1974).

A collateral attack may not do service for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on a direct appeal. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise on direct appeal absent a showing of cause for the failure and a showing of prejudice. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994). In his direct appeal, the Defendant argued that the District Court clearly erred in calculating his guideline sentencing ranges ("GSR") because, according to him, there was inadequate evidence supporting (1) the drug weight findings, (2) the gun enhancement, and (3) the role adjustment. The Defendant also suggested that he should have received a safety-valve reduction. The First Circuit found that the Defendant had waived his right to appeal and that upholding the waiver would not work a miscarriage of justice in that the testimony provided at the sentencing hearing adequately supported the court's guideline calculations. United States Court of Appeals Mandate, United States v. Modesto De Jesus Castillo, No. 06-2238. The Defendant now claims four grounds that, in essence, have either already been raised before or have no merit.

1. GROUND ONE

Hand printed in the Defendant's motion as Ground One:

"Inefective asistance of lawyer."

The Defendant then cited as facts:

"The defendant attorney coerced the defendant to plead guilty to the charge, that he will talk to the D.A. and to sign a plea agreement with a deal of sentence to 46 to 57 months. The defendant signed, but he never get a copy of it"

The evidence is overwhelming that the Defendant was competently and zealously represented. The evidence is also overwhelming that the Defendant was not coerced into pleading guilty, but did so of his own free will. The Defendant was carefully questioned by the District Court regarding the voluntariness of his plea of guilty. The Court further pointed out to the Defendant that there were no guarantees in sentencing; that what the Defendant's attorney may have estimated, was just that, an estimate of how much time the Defendant might be sentenced to serve. On February 14, 2006, the Defendant was sworn under oath. The Court pointed out to the Defendant:

> The Court: What I'm going to tell you today is that there's no guarantee here of what sentence you're going to get. No matter what your lawyer told you about any guarantee, there's no guarantee. Do you understand that?

(Tr. 2/14/06, Pages 9-10)

The Defendant replied, "I understand that . . ."

The Court continued the change of plea hearing to February 24, 2006, to enable the Defendant to speak further with his attorney. On February 24, 2006, the Defendant affirmed that he understood that he was before the Court to plead guilty to the charges in the Indictment. The Defendant was sworn. The Defendant indicated that he understood that, if at anytime during the hearing he wished to speak to his attorney, he could do so and that if he did not understand the

Judge's questions he would so indicate. (Tr.2/24/06 page 3). The Defendant further admitted that he had discussed the charges and the case with his attorney and that he was "fully satisfied with the advice and the representation that [he had] received from [his attorney]." (Tr. 2/24/06, page 7). The Defendant admitted that the plea agreement had been translated for him and that he had discussed the provisions in the plea agreement with his attorney prior to signing it. (Tr. 2/24/06, page 7). The Court went on to explain to the Defendant:

> Court: And so in arriving at a sentence in your case, I have to look at the guidelines, but I'm not required to impose a sentence according to the guidelines. Do you understand that?
>
> The Defendant: Yes.
>
> The Court: In fact, what it means is that I can impose any sentence up to the statutory maximum penalties in this case. Do you understand that?
>
> The Defendant: Yes.
>
> The Court: And those statutory maximum penalties are as follows: For the offense in Count I, a term of imprisonment of 40 years, and that one carries a mandatory minimum term of 5 years . . . Do you understand those are the maximum penalties for the Offense in Count I?
>
> The Defendant: Yes, I understand.
>
> * * *
>
> The Court: Now, because you're pleading guilty to both of these offenses, I can impose those maximum sentences to run consecutively, that is, one after the other. And so the total maximum penalties I can impose in this case are a term of imprisonment of 45 years

. . . Do you understand I can impose those maximum penalties without giving you an opportunity to withdraw this guilty plea?

The Defendant: Yes.

(Tr. 2/24/06, pages 11 - 12).

* * *

The Court: Now, you understand according to the terms of this plea agreement that I don't have to follow the Government's sentencing recommendation?

The Defendant: Yes, I understand.

(Tr. 2/24/06, page 14).

The Court went still further and stated:

The Court: Now, Mr. Castillo, are those the terms of the plea agreement as you understood them at the time that you signed it?

The Defendant: Yes.

* * *

The Court: Has anybody made any promise to you about what sentence you're going to get in this case?

The Defendant: No.

The Court: Has anyone attempted in any way to force you to plead guilty in this case?

The Defendant: No.

T he Court: Are you pleading guilty of your own free will because you are guilty?

(Tr. 2/24/06, Pages 15-16).

After a discussion with his attorney regarding the nature of the conspiracy charge not

requiring possession as an element the colloquy continued.

The Court: Do you understand, Mr. Castillo, you're charged with conspiracy, that is, that you were engaged in an agreement or a plan with somebody else to possess these drugs with the intent to distribute them. Do you understand that?

The Defendant: Yes, I understand.

The Court: And so I'll ask you the question again. Are you pleading guilty of your own free will because you are guilty of engaging in that agreement or plan to possess those drugs?

The Defendant: Yes.

(Tr. 2/24/06, page 17).

The Court then went on at length to ensure that the Defendant understood that he had a right to a jury trial, all the rights that attached, and that the Defendant was voluntarily waiving those rights. (Tr. 2/24/06, Pages 17- 20).

The Defendant has provided no evidence that his plea of guilty was anything by knowing and voluntary.

2. GROUND TWO

The Defendant printed as Ground Two:

"P.S.I. never read it to the defendant."

The supporting facts were printed as:

"The lawyer for the defendant never give him his P.S.I. and when he was at front of the judge he really don't know what he was specting in this matter. I do ask for justice."

Prior to the imposition of the Defendant's sentence, an evidentiary hearing was held

concerning the Defendant's objections. The case agent testified for the government. Both the Defendant and government attorneys argued the objections raised by the Defendant. The Defendant allocuted prior to imposition of sentence. All of the evidence supports that the Defendant was fully aware of what the Pre Sentence Investigation Report contained and that the Defendant's attorney argued zealously on the Defendant's behalf. The Defendant's claim that the P.S.I. was not read to him is not credible and does not provide a basis for relief.

3. GROUND THREE

The Defendant printed as Ground Three:

"Manager or leader"

The supporting facts were printed as:

"The defendant never was a manager or leader even the federal agent was looking for the leader by name (Juan francisco de jesus) he confuse me with my brother, later on the officer told me that he was looking for my brother, not for me because he did have a warrant for his arrest. So if he was looking for my brother how I can be the leader? I'm play to this court for the credit back in the matters of justice."

The Defendant raised the issue of his role in the offense in his direct appeal. The First Circuit denied that appeal. The Defendant has provided no basis to grant a collateral attack on this issue. The Defendant's current claims, that because law enforcement was also looking for his brother in this Conspiracy charge, is nonsensical. The fact that more than one individual is arrested in a conspiracy is the norm, not the exception. The Defendant's brother's whereabouts is irrelevant. The government presented unrebutted evidence at the sentencing hearing that the Defendant was the leader/organizer in this Conspiracy. This matter was raised by the

Defendant's attorney prior to sentencing, addressed by the government with testimonial evidence, and both the Defendant and the government argued before the Court on this matter. The Court also addressed the issue and overruled the Defendant's objection. The Defendant has failed to raise a legitimate basis which would allow him to renew this objection at this time.

4. GROUND FOUR

The Defendant printed as Ground Four:

"Prejudice by the Judge."

The supporting facts were printed as:

"The defendant say few words to the Judge and aparently she get upset and mad, and she said that only because the expresion she will give him more time. She got so angry that she take my case over board. Im pray to this court for help and also apologize for my improper actitud regarding my words."

The Defendant apparently has made a claim that the District Court which sentenced him, was upset during the sentencing. However, the Defendant has provided no basis to support this claim. Even if such a claim were true, the Defendant has also failed to provide any evidence that the sentence he received was unfair.[1]

B. THE LAW APPLICABLE TO AN INEFFECTIVE ASSISTANCE CLAIM

In considering the issue of effective representation, the District Court must first identify

[1] The government believes that the Defendant may be referring to his claim during his allocution that he was being treated more harshly by the Court because he was Hispanic. The Court assured the Defendant that he was not before the Court based upon his ethnicity. The Court explained to the Defendant in no uncertain terms that the Defendant was being sentenced because he was a drug trafficker, with his organization utilizing a machine gun, and distributing large quantities of poison into the community. (Tr. 8/2/06, Pages 56 -63.)

the acts or omissions of counsel. The Court should then determine whether these acts or omissions were outside the wide range of professionally competent assistance and, if so, whether the error affected the judgment. Strickland v. Washington, 466 U.S. 668 (1984). Counsel's representation must fall below an objective standard of reasonableness, and the defendant must show prejudice. Ouellette v. United States, 862 F.2d at 376; see also, United States v. McGill, 11 F.3d 223 (1st Cir. 1993). There must be a reasonable probability that but for the attorney's unprofessional errors the result would be different. Scarpa v. Dubois, 38 F.3d 1, (1st Cir. 1994). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233 (1st Cir. 1994); United States v. Moreno Morales, 815 F.2d 725, 751 (1st Cir.), cert. denied, 484 U.S. 966 (1987). The effective assistance of counsel standard does not require the "useless charade" of presenting a meritless defense. United States v. Cronic, 466 U.S. 648, 656 n.19 (1984). Counsel need not jump through every conceivable hoop, or engage in futile exercises. Singleton, 26 F.3d at 239. The Defendant is entitled to an effective defense, not a perfect one nor a successful one. Scarpa v. Dubois, 38 F.3d at 8. The attorney's judgment need not be right so long as it is reasonable. McGill, 11 F.3d at 227. A reviewing court should not use the benefit of hindsight to second-guess tactical decisions made by an attorney unless the decisions are unreasonable. Perron v. Perrin, 742 F.2d 669, 673 (1st Cir. 1984).

The Defendant has failed to provide any facts by which the District Court could reasonably conclude that the Defendant is entitled to relief in this case.

CONCLUSION

The Defendant has failed to raise any new grounds for appeal. In fact, the Defendant has failed to state any facts which would support a claim for relief. Thus, his motion should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Mary Rogers

Mary Rogers
RI Bar # 3107
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000 Fax: 401-709-5001
mary.rogers@usdoj.gov

CERTIFICATION

I hereby certify that on the ___th day of September, 2008, I caused the within Government's Response To Defendant's Motion pursuant to 28 U.S.C. § 2255, to be filed electronically and it is available for viewing and downloading from the ECF system. I mailed a copy of the within to:

Castillo Modesto de Jesus
No. 05683-070
CI Eden
Correctional Institution
P.O. Box 605
Eden, TX 76837

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Mary Rogers

Mary Rogers
RI Bar # 3107
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000 Fax: 401-709-5001
mary.rogers@usdoj.gov